# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LINDA D. BEALE, an individual, o/b/o herself and all others similarly situated**, <br><br>Plaintiff, <br><br>v. <br><br>**STEPHEN L. BRUCE, P.C.**, an Oklahoma professional corporation, <br><br>Defendant. | Case No. 16-CV-618-JHP-FHM |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss the Amended Complaint for Failure to State a Claim for Relief Under Fed. R. Civ. P. 12(b)(6) (Doc. No. 17). Plaintiff opposes the Motion (Doc. No. 20). After consideration of the briefs, and for the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Linda D. Beale ("Plaintiff") initiated this purported class action to recover against Defendant Stephen L. Bruce, P.C. ("Defendant") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* According to the Amended Complaint, Plaintiff opened a credit card account with Discover Bank "[s]ometime prior" to initiating this lawsuit. (Doc.

No. 15, ¶ 6). Discover Bank retained Defendant to collect amounts purportedly owed on Plaintiff's credit card account. (*Id.* ¶ 7). In furtherance of its collection activities, Defendant sent or caused to be sent to Plaintiff a "dunning letter," which Plaintiff attaches to her Amended Complaint as Exhibit "A." (*Id.* ¶¶ 8-9 & Ex. A). Plaintiff alleges she was a "consumer" and Defendant was a "debt collector" for FDCPA purposes. (*Id.* ¶¶ 19, 22).

Plaintiff claims Defendant violated the disclosure provisions of 15 U.S.C. § 1692g(a) by inserting a sentence in the dunning letter sent to Plaintiff:

> If there is a valid reason for your failure to pay the sum, please contact my office within the thirty (30) day period.

(the "Valid Reason Provision"). (*Id.* ¶¶ 24-25 & Ex. A). Specifically, Plaintiff alleges "the least sophisticated consumer might believe that the debt collector's obligation to obtain verification of the debt or to provide the name and address of the original creditor would only arise if the consumer presented a valid reason for non-payment." (*Id.* ¶ 25). Plaintiff also refers to § 1692g(b), which prohibits collection of a disputed debt or any disputed portion thereof until the debt collector obtains verification of the debt or copy of any judgment, among other information, and mails the information to the consumer. (*Id.* ¶ 26). Plaintiff seeks statutory damages, costs, and attorney's fees on her own behalf and on behalf of a class of

similarly situated persons in Tulsa County, Oklahoma, who received similar letters. (*Id.* ¶¶ 11, 28-29).

Defendant now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief (Doc. No. 17). Plaintiff filed a Response in opposition (Doc. No. 20), and Defendant filed a Reply (Doc. No. 21). Defendant's motion is fully briefed and ripe for review.

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has stated that "plausibility" in this context refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 569). A claim has facial plausibility when the plaintiff pleads factual content that

3

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## I. Violation of 15 U.S.C. § 1692g(a)

Here, Plaintiff alleges Defendant violated 15 U.S.C. §1692g(a) by including the Valid Reason Provision in the dunning letter sent to her. Pursuant to 15 U.S.C. § 1692g(a), a consumer has certain notification rights, specifically:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Defendant argues the dunning letter it sent to Plaintiff, including the Valid Notice Provision, fully complied with these notification requirements. After reviewing the parties' arguments and relevant law, the Court agrees that Defendant satisfied its notification requirements under 15 U.S.C. § 1692g(a) and that Plaintiff's claim fails as a matter of law.

First, the text surrounding the Valid Reason Provision plainly satisfies the notice provisions of § 1692g(a). Specifically, the sentence immediately preceding the Valid Reason Provision provides, "Your failure to make arrangements with our office to pay the sum due and owing or notify us that you dispute all or a portion of the debt in writing within thirty (30) days of receipt of this letter may result in legal action." (Doc. No. 15, Ex. A). Further, below the Valid Notice Provision and signature block, the letter states in bold capital letters, "NOTICE OF RIGHT TO DEBT VALIDATION" and explains in bold lettering Plaintiff's rights to obtain debt validation within thirty days upon request:

5

> The Creditor shown on the above document has employed this Law Firm to collect the debt stated herein, together with any other costs and expenses allowed by law or the contract. Unless you, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify this firm in writing within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain verification of the debt and will mail a copy of the verification to you. If the original Creditor is different from the current Creditor, upon your written request within the thirty (30) day period, we will also provide you with the name and address of the original Creditor. You should be advised that this is an attempt to collect a debt and all information obtained will be used for that purpose.

(Doc. No. 15, Ex. A). It is undisputed that these provisions, standing alone, satisfy the five notice requirements of § 1692g(a). These provisions explain the consumer's right to dispute the validity of the debt or any portion thereof within thirty days and obtain verification of the debt from the debt collector. These provisions also explain that the debt collector will assume the debt to be valid unless the consumer disputes the debt or any portion thereof within thirty days.

Second, the Court concludes the Valid Notice Provision does not overshadow, contradict, or distort these plain statements. "Overshadowing" may occur when the challenged language is likely to confuse a hypothetical "least sophisticated consumer" regarding his or her right to a thirty-day validation period. *See Kalebaugh v. Cohen, McNeile & Pappas, P.C.*, 76 F. Supp. 3d 1251, 1255-59 (D. Kan. 2015) (collecting cases). For example, language in a dunning letter may be "overshadowing" when it *requires* the consumer to take action in a period

6

shorter than the statutory thirty-day validation period, as opposed to *asking* the consumer to take action in less than thirty days. *See id.* "The critical question is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 160 (2d Cir. 2001) (quotation omitted). *See Terran v. Kaplan*, 109 F.3d 1428, 1432-34 (9th Cir. 1997) (collecting cases and finding challenged language not actionable where it did not require payment immediately but rather "merely requests a phone call," because "[t]he request that the debtor telephone the collection agency does not contradict the admonition that the debtor has thirty days to contest the validity of the debt" but simply "encourages the debtor to communicate with the debt collection agency.").

Here, the Valid Notice Provision's encouragement to contact Defendant within thirty days if there is a valid reason for failure to pay the debt does not overshadow or contradict the statutory right to dispute the debt within thirty days, with or without a "valid reason" for the dispute. The dunning letter in this case plainly presents Plaintiff with a choice, either give notice within thirty days of a dispute, or make arrangements to pay within the same time period. The choices are not confusing or contradictory. *See Vayngurt v. Southwest Credit Sys., L.P.*, 2016 WL 6068132, at *5 (E.D.N.Y. Oct. 14, 2016, 2016) (finding dunning letter

not actionable where letter offered consumer a choice to pay or give notice of dispute and "[n]othing in the letter suggests that Vayngurt should forego the second option in favor of payment.'").

Further, the disputed language is immediately preceded by a notice that Plaintiff has thirty days to dispute all or a portion of the debt in writing, and it is immediately followed by the statutory validation notice. These disclosures make no reference to a "valid reason." Even the least sophisticated consumer may be "presumed to read the entire notice." *Id.* (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)). The Valid Notice Provision does not appear in a different font or size, and it is not bolded, italicized, or otherwise so prominent that a consumer would be likely to disregard the remainder of the notice. Moreover, the challenged text does not distort or obfuscate the otherwise accurate disclosure of Plaintiff's debt validation rights. *See Langley v. Weinstein & Riley, P..S.*, 2013 WL 2951057, at *5 (S.D. Tex. June 14, 2013) (finding challenged text not actionable as distorting or obfuscating disclosure of rights where such text did not even address the subject of the debt validation or the right to dispute for any reason). Therefore, even an unsophisticated consumer who read the entire letter would not reasonably conclude that she should waive her right to validation or that she needed a "valid reason" to dispute the validity of the debt.

The Court concludes the Valid Reason Provision could not reasonably confuse even the least sophisticated consumer.

The Valid Notice Provision is materially different from the actionable dunning letter language in *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159 (2d Cir. 2001), upon which Plaintiff relies. In *DeSantis*, the subject letter *insisted* on payment or a valid reason: "[T]he doctor insists on payment or a valid reason for your failure to make payment. . . . In the absence of a valid reason for your failure to make payment, pay the above debt or contact the doctor to settle this matter." *Id.* at 160. Here, by contrast, the Valid Notice Provision asks for Plaintiff to "please contact my office" within the thirty-day period if there is a valid reason for her failure to pay, otherwise Defendant will "assume the debt to be valid and expect payment arrangements to be made" within the same thirty-day period. Moreover, the dunning letter in this case states the right to dispute the debt both before and after the Valid Notice Provision on the same page. By contrast, in *DeSantis*, the statutory disclosures appeared only on the reverse side of the dunning letter. *Id.* at 160-61.

Plaintiff also relies on *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998), which addressed a letter that included substantially similar language to that in *DeSantis* ("The hospital insists on immediate payment or a valid reason for your failure to make payment") and which is distinguishable for the same reasons.

9

The Valid Notice Provision is also distinguishable from the actionable language in *Sambor v. Omnia Credit Services, Inc.*, 183 F. Supp. 2d 1234, 1240 (D. Haw. 2002), and similar cases. In *Sambor*, the court found that a dunning letter's request for "suitable dispute documentation" was actionable under § 1692g(a), because the least sophisticated consumer could reasonably but wrongly conclude from that language that "suitable dispute documentation" had to be submitted for that consumer to dispute the debt. By contrast, the Valid Notice Provision makes no reference to documentation, and nothing in the collection letter would cause even the least sophisticated consumer to believe she had to submit any documentation in order to dispute the validity of the debt.

Plaintiff further cites an unpublished case from the Northern District of Illinois, *Mendez v. M.R.S. Associates,* 2005 WL 1564977 (N.D. Ill. June 27, 2005). The *Mendez* collection letter stated, "'[i]f for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter and contact our office to explain the nature of the dispute.'" *Id.* at *3. The *Mendez* court concluded this language violated the FDCPA, because it "suggests that a debtor must have a valid reason for disputing the debt." *Id.* at *4. However, *Mendez* is distinguishable from the language at issue here, because the *Mendez* letter included the statement, "contact our office to explain the nature of the dispute." The Valid Reason Provision does not contain this language or any suggestion that the debtor

must explain the nature of her dispute. Therefore, the Court agrees with other persuasive authority that distinguishes *Mendez* on this basis. *See Ruth v. M.R.S. Assocs., Inc.*, 2006 WL 1207926, at *1 (N.D. Ill. Apr. 4, 2006) (finding letter not actionable under § 1692g(a) that stated, "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter."); *see also Stines v. M.R.S. Assoc., Inc.*, 2005 WL 2428200, at *4 (S.D. Ind. Sept. 30, 2005) (finding language identical to that in *Ruth* not actionable).

Plaintiff's argument that the Valid Notice Provision violates § 1692g(a) "is more typical of the technical convolutions of a highly educated attorney searching for some deficiency in a letter, rather than fairly reflective of confusion or deception of an unsophisticated consumer to whom the correspondence was directed." *Stines*, 2005 WL 2428200, at *4. Accordingly, Plaintiff's § 1692g(a) claim is subject to dismissal as a matter of law.

## II. Violation of 15 U.S.C. § 1692g(b)

Pursuant to 15 U.S.C. § 1692g(b), a debt collector must cease collection of a debt "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor." Collection activities must cease "until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the

11

original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." *Id.* Collection activities may continue during the above thirty-day period "unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor." *Id.* Finally, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.*

Here, Plaintiff does not allege she provided timely notice of a dispute of the debt, which would trigger the verification duty. Nor does Plaintiff allege any communication or other collection activity occurred during the thirty-day period after Plaintiff received the dunning letter. Further, Plaintiff does not respond to Defendant's arguments in the Motion to Dismiss with respect to § 1692g(b), suggesting she has abandoned any claim pursuant to § 1692g(b). Accordingly, to the extent Plaintiff raises a claim under § 1692g(b), such claim is subject to dismissal.

## III. Threat of Legal Action

Finally, Plaintiff argues in her Response brief that the dunning letter "threatened legal action" within thirty days in the absence of a payment or dispute.

(Doc. No. 20, at 8). Plaintiff's argument is not well-taken. First, Plaintiff makes no reference to such a claim in the Amended Complaint. The Amended Complaint focuses solely on the Valid Reason Provision, which includes no such threatening language. Second, Plaintiff does not even identify the sentence that she alleges threatens legal action. The dunning letter includes the statement that "the failure to make arrangements with our office to pay the sum due and owing or notify us that you dispute all or a portion of the debt in writing within thirty (30) days of receipt of this letter *may result in legal action*." (Doc. No. 15, Ex. A) (emphasis added). However, it is not actionable under the FDCPA to state to a debtor the lawful possible consequences of inaction, which may include an appropriate lawsuit against the debtor. *See Kalebaugh*, 76 F. Supp. 3d at 1259. Therefore, to the extent Plaintiff argues this language violates the FDCPA, the argument fails as a matter of law.

## CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss the Amended Complaint (Doc. No. 17) is **GRANTED**.

James H. Payne
United States District Judge
Northern District of Oklahoma